UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 13-CR-14

COURVOISIE BRYANT,

    Defendant.

---

ORDER ADOPTING RECOMMENDATION
DENYING DEFENDANT'S MOTION TO DISMISS (DOC. 26) AND RESERVING
RULING ON UNCONSTITUTIONAL VAGUENESS ARGUMENT

On May 13, 2013, Magistrate Judge Nancy Joseph issued a recommendation that defendant Courvoisie Bryant's motion to dismiss be denied in part. Bryant moved to dismiss counts one through five of the superseding indictment charging him with knowingly making a false and fictitious written statement to a federally licensed dealer in connection with the acquisition of firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). He argued that the indictment fails to state an offense, and that the statute, or more specifically, ATF Form 4473, is unconstitutionally vague. In addition, Bryant in his reply brief requested a bill of particulars giving him notice of the person on whose behalf he allegedly purchased the firearms. Magistrate Judge Joseph rejected Bryant's argument regarding the failure to state an offense and found that the indictment tracks the language of § 922(a)(6), includes all of its elements, and that the issue raised is one for the trier of fact. With respect to his unconstitutionally vague argument, Judge Joseph concluded that the claim is substantially intertwined with the evidence and, therefore, falls within the

province of the finder of fact. After reviewing Bryant's objections to the recommendation and the record in this case, the court will adopt the recommendation and deny the motion to suppress.

The court reviews de novo any objection to the magistrate judge's recommendation. Fed. R. Crim. P. 59(e). Consideration begins with Federal Rule of Criminal Procedure 7(c), which governs indictments. It instructs that an indictment must be "a plain, concise, and definite written statement of essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The Seventh Circuit provides that an indictment survives a motion to dismiss if it (1) "states the elements of the crime charged [and] informs the defendant of the nature of the charge so she may prepare a defense" and (2) "enables the defendant to plead the judgment as a bar against future prosecutions of the same offense." *United States v. Harvey*, 484 F.3d 453, 456 (7th Cir. 2007). An indictment is reviewed on its face, regardless of the strength or weakness of the government's case. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). And, "[w]hile there must be enough factual particulars so that the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *Id.* at 959.

Here, the superseding indictment sufficiently tracks the statutory language of § 922(a)(6). Counts one through five allege that Bryant "knowingly made a false and fictitious written statement intended and likely to deceive" The Shooter Shop, Gander Mountain, and Dunhams by falsely stating on ATF Form 4473 that he was the actual buyer of specific firearms on or about certain dates when he knew he was acquiring the firearms on behalf of another person. Moreover, counts one through five include an appropriate

amount of information to put Bryant on notice of the statute under which he is charged as well as when, where and how he violated that statute.

Bryant disagrees and asserts that the superseding indictment should have explained how or why his answer to 11(a) on Form 4473 was incorrect. He would like to know who the government believes was the actual purchaser. In addition, he argues that counts one through five are insufficient even if the court assumes for the sake of argument that he filled out Form 4473, purchased the firearms, and sold them to undercover ATF Agents.

The court notes that question 11(a) of ATF Form 4473, the Firearms Transaction Record, asks the following:

> Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**

Bryant argues that his relationship with the ATF Agents "was so antithetical and their interests so opposite" that the indictment must fail. (Doc. 26 at 4.) Indeed, he compares himself to a ticket scalper who purchases an item and then sells it to someone else. (Doc. 26 at 6.)

Ultimately, this court could resolve Bryant's motion only if it involved questions of law rather than fact. His arguments test the sufficiency of the evidence but there is no evidence before this court. Where a pretrial claim is substantially intertwined with the evidence of the alleged offense, the subject of the motion falls within the province of the factfinder. *United States v. Yasak*, 884 F.2d 996, 1002 n. 3 (7th Cir.1989).

Bryant also objects to the magistrate judge's recommendation that his request for a bill of particulars be denied. Under Rule 7(f), "[t]he court may direct the government to

3

file a bill of particulars." Fed. R. Crim. P. 7(f). The test is "similar to the test for determining the general sufficiency of the indictment ... that is, 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *United States v. Fassnach*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Id.*

Nevertheless, where factual proof is vital to a defense, the accused may obtain such proof by a motion for a bill of particulars, even where the indictment contains all of the essential elements of the charged offense. *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir.1986). A defendant is not entitled to all the evidence the government intends to produce. *Kendall*, 665 F.2d at 135. Rather, a defendant is only entitled to know the theory of the government's case. *Id.*

As discussed above, this court found that the superseding indictment properly tracked § 922(a)(6) and identified the elements of the offense. The government maintains that it has complied with its open file policy and that the relevant discovery is available to the defense. Regardless of whether the defense has located the relevant documents, there is nothing in the record to suggest that the government has been less than candid with the court or counsel. Hence, the court agrees with the magistrate judge's recommendation that a bill of particulars is not appropriate in this case.

As a final matter, Bryant does not object to the magistrate judge's recommendation as to his vagueness challenge and agrees that the appropriate time to make the ruling is at the close of the government's case. (Doc. 43 at 3.) Because the recommendation is not clearly erroneous in this respect,

IT IS ORDERED that the recommendation issued on May 13, 2013, is adopted.

IT IS FURTHER ORDERED that defendant's motion to dismiss for failure to state an offense is denied. (Doc. 26.) The court reserves its ruling on the unconstitutional vagueness argument.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE